[No. 13506.  In Bank. — September 8, 1890.]

## VINING BARKER, APPELLANT, *v.* J. W. FREEMAN, RESPONDENT.

STATE LANDS — INVALID PURCHASE OF SWAMP AND OVERFLOWED LAND — WANT OF SURVEY — CURATIVE ACT — CONTEST. — Conceding that an application for the purchase of swamp and overflowed land, and a certificate of purchase thereof obtained from the register of the state land-office in 1871, before any survey of the land was made or approved by the survey or-general, were invalid, yet the title of the state was vested in the applicant by the curative act of March 27, 1872, upon his making full payment for the land, provided no other application was made prior to the issuance of the certificate of purchase; and a new applicant for the land whose application was filed in 1888 has no standing to contest the invalidity of the former application and certificate of purchase.

APPEAL — JUDGMENT UPON DEMURRER TO COMPLAINT — AMENDMENT. — Where a demurrer to a complaint has been properly sustained, and it does not appear that any leave was asked to amend the complaint, the judgment for the defendant, rendered upon the sustaining of the demurrer, will not be reversed, on the ground that leave to amend was not granted.

APPEAL from a judgment of the Superior Court of Kern County.

The facts are stated in the opinion of the court.

*J. B. Lamar, E. Rousseau,* and *Lamar & Castle,* for Appellant.

*Haggin & Van Ness,* and *George C. Gorham, Jr.,* for Respondent.

SHARPSTEIN, J. — This case originated in a contest instituted in the state land-office by an application of the plaintiff, in 1888, to purchase a tract of swamp and overflowed land, of which defendant, upon an application in due form, obtained in 1871 a certificate of purchase from the register of the state land-office. The contest was duly referred to the proper court for adjudication. Plaintiff filed his complaint. Defendant demurred to it, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and

judgment entered for defendant. Plaintiff appeals. The contention of the respondent is, that the complaint does not allege facts sufficient to show that the certificate issued to him in 1871 is invalid. Appellant insists that the facts alleged do show that it is invalid. The allegation upon which appellant relies is, that at the time of the issuing of said certificate of purchase to defendant, on the twenty-third day of January, 1871, said land had not been surveyed, and was not subject to sale. This contention is based upon a clause in the act of the legislature of the 28th of March, 1868, which reads as follows: "The swamp and overflowed salt-marsh and tide-lands belonging to the state shall be sold at the rate of one dollar per acre, in gold coin; payable, fifty per cent of the principal within fifty days from the date of the approval of the survey by the surveyor-general." The demurrer admits that no survey had been made at the time of the issuing of the certificate to the defendant. Conceding that the application filed before the approval of the survey by the surveyor-general was invalid, it appears by the complaint that the application of the appellant to purchase the land was not filed before the year 1888, and the legislature, by the act of March 27, 1872, enacted that "when application has been made to purchase lands from this state, and payment made to the treasurer of the proper county for the same, in whole or in part, and a certificate of purchase or patent has been issued to the applicant, the title of the state to said lands is hereby vested in said applicant, or his assigns, upon his making full payment therefor, provided no other application has been made for the purchase of the same lands prior to the issuance of said certificate of purchase." This act of the legislature was considered and construed by this court in *Yoakum* v. *Brower*, 52 Cal. 373, and again in *Rowell* v. *Perkins*, 56 Cal. 219. In the former case we said: "The act is operative, not only upon applications which were defective in form, but upon those which were defective

in substance, or were invalid for any other reason. . . . .
If those steps in the proceedings for the purchase had
been taken prior to the passage of the act, the act oper-
ated to validate and confirm the certificate." In the
latter case the court says: "From what has been said, it
sufficiently appears that the defendant, who made first
payment in the proper county, has, by virtue of the act
of 1872, acquired a right to complete his purchase in the
land-office, even if the lands applied for were not the
property of the state, or were not subject to location or
disposition when he filed his application." That con-
struction of the act is quite satisfactory to us, and leaves
little or nothing more to be said in this case. Upon the
authority, then, of those cases, the demurrer was properly
sustained. The demurrer was sustained without leave
to plaintiff to amend his complaint. It does not appear
that plaintiff asked leave to amend his complaint, and
we cannot reverse the judgment on the ground that
leave was not granted when none was asked. Judgment
affirmed.

Works, J., Thornton, J., McFarland, J., Fox, J., and
Paterson, J., concurred.