[L. A. No. 208.   Department One.—May 21, 1897.]

JAMES W. WILSON ET AL., APPELLANTS, v. HENRY W. CARTER, RESPONDENT.

IRRIGATION DISTRICT—SALES TO ENFORCE ASSESSMENT—ACTION TO CANCEL CERTIFICATES — PARTIES — INSUFFICIENT COMPLAINT.—An action cannot be maintained against an ex-collector of an irrigation district, as the sole party defendant, to cancel and annul certificates of sale of lands of the plaintiff, alleged to have been improperly made by the defendant to divers persons, not made parties defendant, in the wrongful enforcement of an assessment levied thereon, where there is no averment in the complaint in such action, that the defendant has any interest in the lands, or in the certificates of sale sought to be annulled as a cloud on plaintiffs' title.

ID.—NONJOINDER OF PARTIES—GENERAL DEMURRER—WAIVER.—Where no cause of action is stated against the sole party defendant, and the cause of action, so far as stated, is against others not made parties, the objection can be raised upon general demurrer, and is not waived by failure to demur specially for nonjoinder of parties defendant.

ID.—APPEAL—DECISION UPON DEMURRER—REVIEW OF GROUNDS.—Where it appears upon appeal that a demurrer to the complaint was properly sustained upon any ground, it is immaterial that it was sustained by the superior court upon other grounds.

APPEAL from a judgment of the Superior Court of Los Angeles County. WALTER VAN DYKE, Judge.

The complaint was demurred to generally and specially, but nonjoinder of parties defendant was not assigned as a ground of demurrer. Further facts are stated in the opinion.

*Mulford & Pollard,* for Appellants.

*Frank A. Cattern,* for Respondent.

BRITT, C.—In this case, a demurrer to plaintiffs' amended complaint was sustained without leave to amend further, and judgment final was rendered for defendant. It is alleged in said complaint, among numerous other matters, that plaintiffs are the owners of lands situated within a certain irrigation district in Los Angeles county; that defendant was, prior to March 6, 1895, the duly elected and qualified collector of said district; that on February 15, 1895, he offered the lands of plaintiffs for sale to enforce an unpaid assessment levied thereon by the district for the year 1894, and that plaintiffs " bid in" the same in order to prevent the purchase thereof by strangers; that on March 6, 1895, defendant ceased to be the collector of said district, and his successor was installed in office; that, nevertheless, on March 24, 1895, defendant resold to divers persons at public auction the said lands of plaintiffs, and issued certificates of sale thereof, which certificates are of record in the county recorder's office, and are a cloud on plaintiffs' title. There is no averment that defendant has any interest in the land or in the said certifi-

cates of sale. It is prayed that the sale and said certificates be adjudged null and void; that such certificates be delivered up and canceled; and that plaintiffs be declared the owners of said lands discharged of the lien of said assessment.

If judgment had passed, as prayed by plaintiffs, it would have determined nothing, for the obvious reason that no person to be affected thereby is before the court as a party defendant. The complaint shows that the only defendant named was, but is no longer, an officer of the irrigation district; the district itself is not joined, and no purchaser of plaintiffs' lands, or holder of a certificate of sale, is made a party. Here is not a mere nonjoinder of interested parties where failure to plead the fact is a waiver of the objection, but a proceeding against one person when, for all purposes of the suit, the cause of action, if any exists, is wholly against others. It seems, from the argument of counsel, that the demurrer was sustained by the superior court on grounds different from those we have suggested, but, as the view here indicated is conclusive of the case, it is unnecessary to consider other questions made regarding the effect of various transactions, set out in the complaint, between plaintiffs and the irrigation district.

The judgment should be affirmed.

HAYNES, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.