[L. A. No. 12938. In Bank.—September 26, 1931.]

ALEXANDER HADDAD, Appellant, v. AFUE McDOWELL et al., Respondents.

Henry M. Lee for Appellant.

Afue McDowell, *in pro. per.*, and A. G. Ritter for Respondents.

CURTIS, J.—This is an appeal from a judgment after the sustaining of a demurrer to plaintiff's amended complaint without leave to amend. No application or request was made by the plaintiff to further amend his pleading. The complaint charged that the defendants had published two libelous articles regarding the plaintiff, one in a notice requiring the plaintiff to surrender within three days certain premises then held by him under lease from defendant corporation, and the other in a complaint filed for the purpose of recovering possession of said premises. The grounds of demurrer were: (1) Uncertainty, (2) misjoinder of parties defendant, (3) joinder of several causes of action and failure to separately state them, and (4) failure to state facts sufficient to constitute a cause of action. The order of the court sustaining the demurrer is general in its terms and does not indicate the grounds upon which the court acted in rendering it or the reason therefor. If the demurrer is well taken as to any of the grounds stated therein, then the order of the court sustaining the demurrer must be affirmed by the reviewing court. (*Wilson* v. *Carter,* 117 Cal. 53 [48 Pac. 983]; *Sechrist* v. *Rialto Irr. Dist.,* 129 Cal. 640 [62 Pac. 261]; *Burke* v. *Maguire,* 154 Cal. 456, 461 [98 Pac. 21]; *Billesbach* v. *Larkey,* 161 Cal. 649, 651 [120 Pac. 31]; *Colburn* v. *Burlingame,* 190 Cal. 697, 699 [27 A. L. R. 1374, 214 Pac. 226.].) In the last-named case this court declared the rule in the following terms: ''There is nothing in the order of the court in sustaining the demurrer which indicates

that this was the ground of the court's action; and, of course, if sustainable upon any ground, it will not here be disturbed."

An examination of the amended complaint in this action shows conclusively that it purports to set out two distinct causes of action and that they are not separately stated. As observed above, the action was one for damages caused by the publication of two articles, one of which publications was set out in the three-day notice to surrender the premises and the other was in a complaint filed some days after said notice was published. Each of these publications was complete in itself and was separate and distinct from the other and while both grew out of the same general transaction neither was in any way connected with the other. One was served upon the plaintiff and his subtenants, and the other was filed in the office of the clerk of the Superior Court of the County of Los Angeles, and thereafter copies were served upon the defendants in the action in which the said complaint was filed. General damages amounting to $50,000 were asked by the plaintiff for the injurious effect of these combined publications to the plaintiff and to his business. The ground of demurrer, therefore, that two causes of action were set forth in said complaint and not separately stated were well taken and the order of the trial court sustaining the demurrer on that ground was proper.

The fact that it was sustained without leave to amend does not constitute reversible error in the absence of a request or application by the plaintiff for such permission. No contention is made by the plaintiff that he ever asked, or made any attempt, to amend his amended complaint after the court sustained the demurrer thereto. This question has frequently been before this court and in each and every instance the action of the trial court in sustaining a demurrer under such circumstances has been sustained. "While it is undoubtedly error for a court arbitrarily to refuse permission to a pleader to amend a complaint after sustaining a demurrer on the special ground of uncertainty or the like, it is not necessary in making the order sustaining the demurrer to say anything about leave to amend. . . . Error will not be presumed where the record fails to show that leave to amend was asked and refused. . . . A plaintiff who has declined to amend his complaint, after demurrer sus-

tained, which is both general and special, must stand upon his pleading as against both grounds of demurrer." (*Aalwyn* v. *Cobe,* 168 Cal. 165, 172 [142 Pac. 79, 83]; *Martinovich* v. *Wooley,* 128 Cal. 144.) "The demurrer was sustained without leave to plaintiff to amend his complaint. It does not appear that plaintiff asked leave to amend his complaint, and we cannot reverse the judgment on the ground that leave was not granted when none was asked." (*Barker* v. *Freeman,* 85 Cal. 533, 535 [24 Pac. 926, 927]. See, also, *Campbell* v. *Freeman,* 99 Cal. 546, 549 [34 Pac. 113]; *Durrell* v. *Dooner,* 119 Cal. 411, 413 [51 Pac. 628].) "Appellant is not entitled to a reversal on the ground that he was deprived of an opportunity to amend in the absence of a showing that he asked permission to amend, that he desired to amend, or that he could have amended . . . " (*Philbrook* v. *Randall,* 195 Cal. 95, 106 [231 Pac. 739, 743].) To the same effect are the following cases: *Bailey Trading Co.* v. *Levy,* 72 Cal. App. 339, 349 [237 Pac. 408]; *Hansen* v. *Carr,* 73 Cal. App. 511, 518 [238 Pac. 1048].

Appellant relies upon *Schaake* v. *Eagle etc. Can Co.,* 135 Cal. 472, 480 [63 Pac. 1025, 1027, 67 Pac. 759], as stating the rule as follows: "If a complaint states a cause of action, the face of the record would 'show an abuse of discretion' in sustaining a demurrer upon any ground without leave to amend." No authority is cited by the court in support of this rule. Furthermore, the language above quoted is to be found in the department opinion in that case. In that opinion the court held that, while the complaint was good as to the general demurrers, the special demurrers were well taken and should have been sustained. It accordingly reversed the judgment "with directions to overrule the several demurrers for want of facts, and sustain" the special demurrers with leave to plaintiff to amend his complaint. A hearing in bank, however, was ordered by the court, and after further consideration the court held that the special demurrers should also have been overruled. It accordingly reversed the judgment with leave to defendants to answer to the merits. But this final order and judgment was made only after the court had ruled that neither the general nor the special demurrers were well taken. The language, therefore, found in the department opinion and above quoted was only *dictum,* and cannot be regarded of any authorita-

694

tive force. The case of *Schaake* v. *Eagle etc. Can Co., supra,* upon the point discussed has never been cited or referred to with approval by this court. In a few instances some of the courts of this state have erroneously construed the opinion in that case as holding that if a complaint states a cause of action the face of the record would show an abuse of discretion in sustaining a demurrer upon any ground without leave to amend. These courts fell into the error of accepting the language of the department opinion without the modification thereof made by the court in bank. There is nothing in that case as finally determined out of line with the decisions of this court cited above.

The record shows that the court sustained the demurrer to plaintiff's amended complaint without leave to amend on the twenty-ninth day of October, 1928, and judgment was entered therein on November 5th following. The plaintiff had ample time between these two dates to ask leave of the court to further amend his complaint. As he failed to do so, according to the decisions of this court, he cannot thereafter complain of an abuse of discretion by the court in not granting him leave to amend when none was asked.

Judgment is affirmed.

Langdon, J., Preston, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.