[Civ. No. 8829. Second Appellate District, Division Two.—January 30, 1933.]

S. A. SARKISIAN, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

George Acret for Petitioner.

Martin E. Geibel and Harry K. Cohen for Respondents.

WORKS, P. J.—There was pending in respondent court a certain action in which Jack Sarkisian, incorrectly named as a respondent in this proceeding, was plaintiff and S. A. Sarkisian, petitioner herein, was defendant. This action, during its progress in respondent court, suffered various vicissitudes, the character of all of which it is not necessary here to delineate. Suffice it to say that such proceedings were had that on October 25, 1932, the action came on for trial on a third amended complaint and the answer thereto. Objection was made to the admissibility of evidence in the cause on the ground that the third amended complaint did not state a cause of action. The objection was sustained, a mistrial was declared and the cause was ordered off calendar. Thereafter plaintiff filed notice of motion, supported by affidavits, for leave to file a fourth amended complaint, tendering with his motion a copy of the proposed pleading. This motion came on for hearing on November 10, 1932, and such proceedings were had that on

that date respondent court refused leave to file the new pleading for the reason that it stated no cause of action, and at the same time granted a motion made by defendant, pursuant to due notice, to dismiss the action. This order, in both its branches, was stated orally from the bench but was not entered in the minutes of the court. Thereupon counsel for the defendant left the courtroom, the hearing apparently being at an end. Later on the same day, in the absence of the defendant's counsel and without notice, the court made a further order, which was couched in part in these terms: ''Upon reconsideration, it is found that the proposed Fourth Amended Complaint states a cause of action. The order heretofore made denying motion for leave of court to file said Amended Complaint and granting motion to dismiss said action and all minute entries in relation thereto are set aside and in lieu thereof leave is hereby given to file said fourth amended complaint and the motion to dismiss said action is denied.'' These orders of November 10th will hereafter be referred to, respectively, as the first order and the second order. After the making of the latter order the fourth amended complaint was served and filed. This was on or about November 21st.

In due time, and within a few days after it was made, the defendant appealed from the second order and thereafter gave notice of motion to stay proceedings under it pending the appeal. On November 25th this motion came on for hearing and it was by respondent court denied.

On November 28th the defendant in the action filed his petition in the present proceeding, asking that respondent court be restrained by the writ of prohibition from proceeding further with the action until the final determination of his appeal, or that a writ of *supersedeas* be granted to the same end, whereupon an alternative writ of prohibition issued. In its answer to the petition for the writ respondent court frankly avers ''that if petitioner fails to avail himself of his privilege to plead or answer to said Fourth Amended Complaint within the time as required by law, then and in that event the plaintiff will become privileged to cause his default to be entered in said action'', thus repeating in effect the threatened continuance of proceedings which is to be inferred from its order refusing to stay such proceedings pending petitioner's appeal.

■ The first order was not ineffective because not entered in the minutes. It was said in a comparatively early case: ''The rendition of a judgment is a judicial act; its entry upon the record is merely ministerial. That which the court performs judicially, or orders to be performed, is not to be avoided by the action or want of action of the judges or other officers of the court in their ministerial capacity. . . . The judgment is a judicial act of the court. The judgment is as final when pronounced by the court as when it is entered and recorded by the clerk, as required by statute. . . . There is no statutory provision for the signing of a judgment by the judge either before or after entry; and his signature gives to it no additional solemnity or validity. (*Clink* v. *Thurston*, 47 Cal. 29.) Where that practice is adopted it is merely to give the clerk surer means of correctly entering what has been adjudged. But when, after the trial and final submission of the case, the court pronounces a judgment in apt language, which finally determines the rights of the parties to the action, and leaves nothing more to be done except the ministerial act of the clerk in entering it, . . . then the judgment has been rendered, and the rights of the parties established. . . . When a judge orders a judgment in a cause . . . and no further facts are to be ascertained to determine the exact amount and character of that judgment, but there simply remains the clerical duty of entering in the judgment-book that which the court has determined and ordered to be entered, this in our opinion is a final judgment from which an appeal lies'' (*In re Cook*, 77 Cal. 220 [17 Pac. 923, 19 Pac. 431, 11 Am. St. Rep. 267]). The rule thus announced has been followed in later cases, among them *Barbee* v. *Young*, 79 Cal. App. 119 [249 Pac. 15], where many cases are cited.

■ It will be observed that it is said in the minute entry which evidences the second order that the first order was ''null and void'', and the same view is pressed upon us here. This is a great mistake. It is too plain for argument that if respondent court was wrong in basing the first order upon the view that the fourth amended complaint was insufficient for want of facts, the order was but the result of error and it was far from void. In the absence of appeal or of some other attempt to set aside or vacate it, some attempt known to the law, it is a judgment,

terminating the action and finally adjudicating the rights of the parties upon all the issues presented by it. Nor do we say that, even if the first order were invalid, respondent court had the power to end its apparent existence by the summary method evidenced by the making of the second order.

The second order was not made upon motion for a new trial; by it the first order was not attempted to be set aside pursuant to proceedings under either section 473 or section 663 of the Code of Civil Procedure; the first order was not attempted to be set aside or corrected because entered through inadvertence and to make it speak the truth. It is indubitably settled that it is only by methods such as these, all duly authorized by law, that the judgments of courts may be set aside or vacated. Here the judge of respondent court, after rendering judgment by the first order, merely changed his mind upon the question of law which had impelled the making of the order and for that reason alone made the second order. There is no statute or rule of law which sanctions such a procedure.

The first order being a final judgment, it is obvious that the second order is one made after final judgment within the meaning of the statute providing for appeals from such orders. As an appeal from the second order is now pending—an order attempting to vacate the final judgment in the action—it is equally obvious that jurisdiction over the cause is for the time being reposed in the tribunal of appeal and that respondent court can have no further concern with its merits.

A peremptory writ of prohibition will issue.

Craig, J., and Stephens, J., concurred.