[Civ. No. 8837. Second Appellate District, Division Two.—December 5, 1934.]

SID KOSTER, Appellant, v. LOCAL No. 33 INTERNATIONAL ALLIANCE THEATRICAL STAGE EMPLOYEES AND MOTION PICTURE MACHINE OPERATORS OF UNITED STATES AND CANADA, Respondent.

C. M. Walz for Appellant.

James S. Roche for Respondent.

STEPHENS, P. J.—This proceeding arose through a petition in mandate to compel the reinstatement of petitioner after his expulsion from a labor union and for damages for such expulsion. The petition reached the stage of a second amended petition, and special and general demurrer were interposed thereto, the court in a general order sustaining the demurrer without leave to amend. No request to amend was made, and in about twelve days after such order judgment for the union was made and entered. Petitioner appeals, and in his brief claims that his petition shows

him to be a member of the union in good standing and that he has financial and other definite rights by reason of such membership; that he was expelled without cause and for an alleged reason not included in the prescribed causes for expulsion and that the whole charge and act of expulsion was the execution of a prearranged and fraudulent scheme to put petitioner out of the union.

It would seem that allegations to the above effect would be sufficient as against a general demurrer, but this does not solve the problem. We still have the special demurrer to contend with, and as neither party to this appeal has furnished us with any reference to any special demurrer other than in a general way, and neither has discussed the merits or demerits of the special demurrer in their briefs, we have nothing before us upon which to premise any action. It was said in *Haddad* v. *McDowell*, 213 Cal. 690 [3 Pac. (2d) 550], that if the demurrer "is sustainable upon any ground it will not be here disturbed"; but see the quotation in the same case, at page 693 (213 Cal.), from *Barker* v. *Freeman*, 85 Cal. 533 [24 Pac. 926]: "The demurrer was sustained without leave to plaintiff to amend his complaint. It does not appear that plaintiff asked leave to amend his complaint, and we cannot reverse the judgment on the ground that leave was not granted when none was asked." In the circumstance we do not feel called upon to analyze the petition in the light of the special demurrers. Twice before the complaint had been found vulnerable against demurrers and in the absence of any mention of the special demurrers in appellant's brief we cannot assume that the trial court was wrong. Should we make an independent examination of and ruling on the special demurrers, we would be doing so without the benefit of appellant's reasons for believing the court's ruling to be wrong, and without the benefit of respondent's reply thereto. This we think we should not do.

Judgment affirmed.

Crail, J., and Scott, J., *pro tem.*, concurred.