[Civ. No. 11581. Second Appellate District, Division Two.—December 1, 1937.]

JACK HAYS, Appellant, v. SHIRLEY TEMPLE et al., Respondents.

William C. Ring and M. G. Gallaher for Appellant.

Loyd Wright, Charles E. Millikan, Alfred Wright, Gordon Hall, Jr., Swanwick, Donnelly & Proudfit and Donald O. Welton for Respondents.

McCOMB, J.—This is an appeal by appellant from a judgment in favor of respondents after the trial court sustained a demurrer to appellant's first amended complaint without leave to amend in an action for damages and for an accounting, resulting from the breach of a contract.

The complaint as amended contained the following allegations in substance:

*Count One*

I

Respondent Shirley Temple is a minor under the age of fourteen years.

II

Defendants Gertrude and G. F. Temple are the mother and father respectively of respondent Shirley Temple.

III

Respondents Fox Film Corporation, Twentieth Century Fox Film Corporation, California Bank, and California Trust Company are duly organized and existing corporations.

IV

January 23, 1932, appellant entered into a contract with defendants Gertrude and G. F. Temple, by the terms of which he promised and agreed to provide and furnish Shirley Temple with dramatic training, coaching, motion picture experience, exploitation, publicity, and advertising, and defendants Gertrude and G. F. Temple granted unto appellant the exclusive right to the services of Shirley Temple as a motion picture actress in cinema productions from January 23, 1932, to January 23, 1934, with the option to extend this contract for an additional period of two years. It was further agreed that appellant should have the privilege of loaning Shirley Temple to any other studio, producer, manager, or theatre,

and that in the event he should receive a compensation for the loan of said Shirley Temple, defendants Gertrude and G. F. Temple should receive fifty per cent thereof after first deducting the amount of compensation which by the contract appellant had agreed to pay them for the services of Shirley Temple.

## V

From October, 1933, to and including January 22, 1936, Shirley Temple was engaged as a motion picture actress by respondents Fox Film Corporation and Twentieth Century Fox Film Corporation with the approval and consent of appellant, who had arranged, pursuant to his agreement with defendants Gertrude and G. F. Temple, for her loan to said respondents.

## VI

Said respondents Fox Film Corporation and Twentieth Century Fox Film Corporation have paid to defendants Gertrude and G. F. Temple large sums of money, which they deposited with respondents California Bank and California Trust Company.

### Count Two

#### I

The allegations contained in *Count One* are incorporated by reference.

#### II

Additional sums of money in amounts unknown to appellant but in excess of one million dollars have been paid to defendants Gertrude and G. F. Temple by respondents Fox Film Corporation and Twentieth Century Fox Film Corporation.

### Count Three

(*Count Three* is a common count for money had and received.)

This is the sole question presented for our determination:

*Were the special demurrers of respondents to the complaint as amended properly sustained on the grounds that the pleading was (a) ambiguous, (b) unintelligible, and (c) uncertain?*

This question must be answered in the affirmative. The only allegations in the complaint relative to the agreement by which Shirley Temple was loaned to Fox Film Corporation

and Twentieth Century Fox Film Corporation are the following:

"That during the entire period of time between and including the month of October, 1933, and the 22nd day of January, 1936, defendant Shirley Temple, was and she now is engaged by defendants, Fox Film Corporation and Twentieth Century Fox Film Corporation, as a motion picture actress by and with the procurement, consent and approval of plaintiff, and in pursuance of his right to loan the services of said Shirley Temple, as prescribed in said 'Exhibit A', and as more particularly hereinafter alleged. . . .

"That in the months of July and August, 1933, plaintiff herein negotiated with and for defendants Fox Film Corporation and Twentieth Century Fox Film Corporation, an agreement whereby plaintiff agreed to loan unto said defendants the services of the said Shirley Temple as a motion picture actress; and notified said defendants of his right to the exclusive services of said Shirley Temple under said 'Exhibit A', and all of the defendants herein had notice and knowledge of such contract; that thereafter, and in the month of September, 1933, as plaintiff is informed and believes and accordingly avers, and to and until the 9th day of December, 1933, the said Shirley Temple was employed by the said defendants Fox Film Corporation and Twentieth Century Fox Film Corporation, as a motion picture actress and defendants Shirley, Gertrude and G. F. Temple received from said Fox Film Corporation and Twentieth Century Fox Film Corporation and the latter paid unto the said Temples for said services the sum of One Hundred Fifty Dollars ($150.00) per week; that plaintiff is further informed and believes and accordingly avers that during the said time, the said Temples received for the services of said Shirley Temple and the said Fox Film Corporation and the said Twentieth Century Fox Film Corporation paid therefor unto them the sum of Eighteen Hundred Dollars ($1800.00) ; that none, or any part of said money was paid by the said defendants, or either of them to plaintiff although the said defendants and each of them had full notice and knowledge then and there of the said 'Exhibit A', and the rights of the plaintiff herein thereunder and in and to said money.

"That plaintiff is informed and believes, and accordingly avers, that commencing with the 9th day of December, 1933, and continuing for the period of approximately one (1)

year thereafter, the said Shirley Temple was further employed as a motion picture actress by the said defendants, Fox Film Corporation and Twentieth Century Fox Film Corporation, and that the said defendants, Shirley, Gertrude and G. F. Temple received from said Fox Film Corporation and Twentieth Century Fox Film Corporation and the last two named defendants paid to the first three named defendants, for said services, the sum of One Hundred Fifty Dollars ($150.00) a week, or approximately Seventy-eight Hundred Dollars ($7800.00) for said year's services; that none or any part of said sum was paid by said defendants, or either of them to plaintiff, though they had full knowledge and notice of the existence of said 'Exhibit A', and of plaintiff's rights thereunder and in and to said money.

"That plaintiff is informed and believes, and accordingly avers, that commencing with the 1st day of January, 1935, or thereabouts, and continuing for the period of approximately one (1) year thereafter, the said Shirley Temple was further employed as a motion picture actress by the said defendants, Fox Film Corporation and Twentieth Century Fox Film Corporation, and that the said defendants, Shirley, Gertrude and G. F. Temple received from said Fox Film Corporation and Twentieth Century Fox Film Corporation and the last two (2) named defendants paid to the first three (3) named defendants for said services the sum of One Thousand Dollars ($1,000.00) per week, or approximately Fifty-two Thousand Dollars ($52,000.00) for said year's services; that none, or any part of said sum was paid by said defendants, or either of them to plaintiff, though they had full knowledge and notice of the existence of said 'Exhibit A', and of plaintiff's rights thereunder and in and to said money."

It is clear that the foregoing allegations failed to set forth the agreement between appellant and respondents Fox Film Corporation and Twentieth Century Fox Film Corporation with sufficient certainty to show any right upon appellant's part to entitle him to portions of the compensation which they paid to defendants Gertrude and G. F. Temple or respondent Shirley Temple. For aught that appears from the foregoing allegations appellant by the agreement may have relinquished all of his rights to receive any portion of the compensation paid for Shirley Temple's services for a cash sum or other consideration, or the agreement with respondents Fox Film Corporation and Twentieth Century Fox Film Corporation

may have expressly provided that the sums of money paid to defendants Gertrude and G. F. Temple were to be deposited and invested in the manner set forth in the complaint as amended. In addition there is a total absence of any allegation which shows a contractual relation between appellant and respondents, nor is there any allegation to show that any person other than defendants Gertrude and G. F. Temple made any promise to appellant, and as to these defendants the trial court overruled their demurrer. The demurrers on the grounds of ambiguity, unintelligibility, and uncertainty were therefore properly sustained as to the first and second counts in the complaint as amended.

As to the third count, which was a common count for money had and received, the demurrer was likewise properly sustained. It is the established law of California that, if plaintiff is not entitled to recover under one count in a complaint wherein all the facts upon which his demand is based are specifically pleaded, it is proper to sustain a demurrer to a common count set forth in the complaint, the recovery under which is obviously based on the set of facts specifically pleaded in the other count. (*Harris* v. *Kessler,* 124 Cal. App. 299, 303 [12 Pac. (2d) 467]; *Powers* v. *Freeland,* 114 Cal. App. 146, 150 [299 Pac. 736].)

In *Harris* v. *Kessler, supra,* at page 303, the court says:

"Nor do we find any ground for reversal because of the order of the court sustaining the demurrer to the second count in the cross-complaint without leave to amend. It was a common count for money had and received, the demand being for $16,636.92, which was the identical amount claimed under the first count, and manifestly was based on the same state of facts set forth in the first count. It follows, therefore, that if defendant was not entitled to recovery under the first count, wherein all of the facts upon which the demand was based were specially pleaded, he was not entitled to recover the same under a common count."

In the instant case not only is it evident from reading the complaint that appellant relies for recovery under his *Third Count,* i. e., the common count, on the facts specifically pleaded in *Counts One* and *Two,* but in his brief he also bases his argument for recovery under *Count Three* on the facts specifically alleged in *Counts One* and *Two.* Thus the demurrer was properly sustained also to the *Third Count* of the complaint as amended.

The law is settled that after a demurrer which is both general and special has been sustained the pleader must defend his pleading as against both grounds of the demurrer on appeal (*Haddad* v. *McDowell*, 213 Cal. 690, 692 [3 Pac. (2d) 550]), and it is likewise the established law of this state that it is not reversible error to sustain without leave to amend a special demurrer well taken, where, as in the instant case, no application for permission to amend has been made to the trial court. (*Haddad* v. *McDowell, supra; Swasey* v. *De L'Etanche*, 17 Cal. App. (2d) 713, 715 [62 Pac. (2d) 753].)

In view of the foregoing it is unnecessary for us to consider the other arguments presented by appellant.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 27, 1938.