[Civ. No. 2192. Fourth Appellate District.—November 9, 1938.]

ROBERT BRUSH et al., Appellants, v. BIG BEAR LAKE TAVERN (a Corporation) et al., Respondents.

John F. Poole for Appellants.

Swing & Swing for Respondents.

MARKS, J.—This is an appeal from a judgment quieting the title of the Big Bear Lake Tavern, a corporation, in and to certain described real property on the banks of Big Bear Lake in San Bernardino County, and the title of Sandye Brush in other real property similarly situated.

Plaintiffs' original complaint is not in the record. The amended complaint, and second amended complaint amending the second cause of action, are both before us.

The first cause of action of the amended complaint is the usual form of an action to quiet title. Defendants' demurrer to this cause of action was overruled. Under date of January 11, 1938, counsel for plaintiffs filed a dismissal of this cause of action with prejudice. Therefore we need give this portion of the pleading no further consideration.

It is somewhat difficult to determine the exact nature of the cause or causes of action attempted to be stated in the second amended complaint amending the second cause of action, which for brevity we will refer to as the second amended complaint. In their amended complaint plaintiffs characterize it as an ''action to declare a trust, for an accounting and injunction, and for general declaratory relief, under Section 1060, C. C. P.'' If plaintiffs were correct in thus describing the relief sought it is apparent that the specification of the demurrer under paragraph five of section 430 of the Code of Civil Procedure was properly sustained because several causes of action were improperly united and not separately stated in the single count of the pleading.

We have studied the amended complaint carefully, and while, owing to its uncertainties, it is difficult to analyze, we believe it attempts to set up four or more separate causes of action in its one count.

One of the causes of action sought to be alleged grows out of the use of the property belonging to the estate of the father of plaintiffs and Albert L. Brush who was the executor and trustee thereof, and, since January 31, 1895, the guardian of plaintiffs. It is alleged that in 1917 and 1918, Albert

L. Brush took plaintiffs' money from these estate funds and purchased ten acres of land on the shore of Big Bear Lake on which, with the funds of plaintiffs, was built the Big Bear Lake Tavern. Albert L. Brush caused the defendant corporation to be organized and this property conveyed to it. Plaintiffs seek to have a trust imposed on this property in their favor. Considerable uncertainty arises from the failure to define the extent of the interest in the tavern property acquired with plaintiffs' money and the extent of the interest acquired with the money of others. Plaintiffs were issued 4,050 shares of the stock of the corporation. Inferences from allegations of the pleading would indicate they were minority stockholders.

As another probable cause of action, plaintiffs seek to recover $35,000 paid to their brother Albert L. Brush in 1918 or 1919. It is alleged that the tavern lost money during the first year of operation and that to keep it going plaintiffs paid $35,000 to Albert L. Brush to be used and which was actually used in ''the maintenance and continuance of the Tavern''. This was a voluntary payment by plaintiffs for a specific purpose. There was no fraud, misrepresentation, mistake or misuse of the funds alleged and that a trust relation was created by it is not even suggested. While the allegations of the pleading concerning this transaction are woefully deficient we assume that plaintiffs attempted to state a cause of action for debt on an implied promise to repay their money. We can find no other reason for these allegations.

Another separate cause of action would seem to involve $14,000 paid into the treasury of the corporation. It is alleged that Albert L. Brush borrowed that sum by means of a mortgage on plaintiffs' property in Texas and paid it to the corporation.

Another cause of action involves the purchase of an additional ten acres of land on the Big Bear Lake front adjoining the tavern property. It is alleged that in 1920 Albert L. Brush took $10,000 from the treasury of the corporation and bought this land placing the record title in Floyd E. and Helen Bradley who subsequently conveyed it to Sandye Brush. It is not clear how plaintiffs expected to assert an individual interest in this property. If a trust arose from

this transaction it was in favor of the Big Bear Lake Tavern, a corporation, and not the plaintiffs. If plaintiffs brought this portion of their action as minority stockholders, suing on behalf of the corporation after their demand and its refusal to sue, the pleading lacks many necessary essentials to state such a cause of action.

Albert L. Brush died in 1929 and before his death transferred his property to Sandye Brush, his daughter. It is alleged that this conveyance was made upon the condition and the promise of Sandye Brush that she would account to plaintiffs for their moneys taken out and used by her father and their interests in the various properties involved; that on February 15, 1933, she repudiated this promise and refused to perform this condition.

In their second amended complaint, plaintiffs prayed it be decreed that the defendants hold the described properties in trust for them; "that the Tavern be sold" and the proceeds be distributed according to their investments therein; that it be decreed that defendants hold the real properties in trust for them; that an accounting be had to determine the share of dividends due them; that the court declare and determine plaintiff's interest in the tavern and its property and in the ten acres, title to which stands in the name of Sandye Brush.

Defendants demurred to the second amended complaint both generally and specially. The general demurrer of Floyd E. Bradley and C. L. Robinson was properly sustained as no attempt was made to state a cause of action against either of them. The special, if not the general, demurrer of the other defendants was properly sustained. Several separate causes of action were commingled in a single count without any attempt to state them separately. (Subd. 5, sec. 430, Code Civ. Proc.) The pleading was most uncertain.

On November 3, 1937, the trial judge made the following order: "Demurrer to second amended complaint amending second cause of action is sustained."

Defendants' attorneys served the following notice on the attorney for the plaintiffs:

"You are hereby notified that defendants' demurrer to the last amended complaint in the above entitled action was

sustained by the Court on the 3rd day of November, 1937, without leave to amend."

The statement in this notice that the demurrer to the complaint had been sustained "without leave to amend" was unfortunate and was not justified by the order actually made.

As we have observed, plaintiffs dismissed their first cause of action with prejudice. The cause was set for trial on the issues made by an amended cross-complaint and the answer to it, and plaintiffs were notified of the time and place of trial. They did not appear at the trial and judgment went for cross-complainants. This appeal from the judgment followed.

■ Plaintiffs' chief ground for reversal is that the trial court erred in sustaining the demurrer to the second amended complaint without leave to amend, for the reason that the pleading either stated a cause of action or set forth sufficient facts to show that a cause of action could be stated in an amended pleading.

It is argued that it was a breach of discretion for the trial court to sustain the demurrer without leave to amend. This argument assumes the existence of an order that was not made. The demurrer was sustained but leave to amend was neither granted nor denied. The notice served by counsel could not change the actual terms of the order. All that plaintiffs can argue is that they were misled by the language of the notice and were prejudiced thereby.

Under section 473 of the Code of Civil Procedure "the court may . . . relieve a party . . . from a judgment (or) order, . . . taken against him through mistake, inadvertence, surprise or excusable neglect . . ." within "six months after such judgment" or order. (See *W. J. Wallace & Co.* v. *Growers Security Bank*, 13 Cal. App. (2d) 743 [57 Pac. (2d) 998]; *Sarkisian* v. *Superior Court*, 129 Cal. App. 342 [18 Pac. (2d) 739]; *Estate of McCarthy*, 23 Cal. App. (2d) 398 [73 Pac. (2d) 914].)

That plaintiffs had actual knowledge of the exact terms of the order sustaining the demurrer within less than five months from the time the order was made, and had actual notice of the judgment against them within two months from the time it was entered, is shown by the fact that the en-

grossed bill of exceptions, settled by the trial court, was filed in the office of the county clerk of San Bernardino County on March 11, 1938.

Under these circumstances, plaintiffs, if they had been misled by the notice served upon them, should have made a motion under the provisions of section 473 of the Code of Civil Procedure to be relieved from the judgment against them and for an order permitting them to file an amended pleading. If a proper showing had been made and a proper and sufficient amended pleading had been presented, we can hardly believe that the trial judge would have denied their motion. Plaintiffs did not take this course and in failing to do so have slept on their rights. (*Swasey* v. *L'Etanche,* 17 Cal. App. (2d) 713 [62 Pac. (2d) 753]; *Aitken* v. *Southwest Finance Corp.,* 131 Cal. App. 95 [20 Pac. (2d) 1000].)

We must measure the ruling of the trial court by the order actually made and not by the order that plaintiffs were informed had been made, because they learned of the actual order in ample time to seek leave to amend and to be relieved from the judgment against them.

It cannot be doubted that the demurrer was properly sustained. In speaking of a similar situation in *Alameda County Title Ins. Co.* v. *Panella,* 218 Cal. 510 [24 Pac. (2d) 163], the Supreme Court said:

"The demurrer was properly sustained. The fact that an order sustaining a demurrer is silent as to leave to amend does not constitute reversible error where the record fails to show that leave to amend was requested. (*Haddad* v. *McDowell,* 213 Cal. 690 [3 Pac. (2d) 550]; *Consolidated Reservoir etc. Co.* v. *Scarborough,* 216 Cal. 698 [16 Pac. (2d) 268]; *Philbrook* v. *Randall,* 195 Cal. 95 [231 Pac. 739].)"

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.