[Civ. No. 18088. Second Dist., Div. One. Aug. 7, 1951.]

JOHN C. MUNSON et al., Respondents, v. CRESCENT COMMERCIAL CORPORATION (a Corporation) et al., Defendants; LOUIS ZIEGLER BREWING COMPANY, INC. (a Corporation), Appellant.

Don Lake for Appellant.

David A. Matlin for Respondents.

WHITE, P. J.—Defendants appeal from a judgment entered after trial before the court, sitting without a jury, cancelling three written contracts for the delivery of beer by the plaintiffs from Crescent Commercial Corporation, and ordering that plaintiffs recover the sum of $3,300 and interest from the defendants.

In the first cause of action of the complaint it is alleged that on May 8, 1946, plaintiffs, who were engaged in the retail sale of beer in Los Angeles, entered into an agreement with defendant Crescent Commercial Corporation whereby plaintiffs agreed to purchase 1,800 cases of "eastern" beer at OPA prices, a copy of the agreement being annexed to the complaint; that prior to entering into the agreement said defendant represented that it had five different brands of "eastern" beer and that all five brands would be delivered to plaintiffs in accordance with their request; and further stated that the beer was "good eastern beer"; that plaintiffs entered into the agreement in reliance on said statements. In accordance with the terms of the agreement plaintiffs deposited the sum of $1,800 with said defendant.

It was further alleged that in 1946 and 1947 "eastern" beer was designated in the trade as beer manufactured in the eastern part of the United States and was of better quality than "western" beer, and "had a certain defined standard of quality and taste"; that about March, 1947, plaintiffs received complaints from their customers and on investigation ascertained that the beer they were receiving from said defendant was "sour," "cloudy" and "wild," and did not

have the taste or quality of "eastern" beer; that said defendant also failed to supply plaintiffs with five different brands of beer, but only one or two brands. That upon complaint being made, said defendant advised plaintiffs that it would replace the beer with a good grade of "eastern" beer, but failed to do so, whereupon plaintiffs notified said defendant that they did not desire any more of its beer. That the written agreement of May 8, 1946, provided that the price of the beer should be at OPA ceiling price; that said defendant had been charging plaintiffs $3.19 per case, but was selling the same beer to others in the city of Los Angeles for $2.19 per case. That defendants have failed to pick up "empties" on plaintiff's hands for which plaintiffs were entitled to a credit of $150.

Further, it was alleged, a controversy existed between the parties, in that plaintiffs contended the agreement was unenforceable as there is no definite agreement as to the price to be charged, in that there was no further OPA ceiling price on beer and the defendant contends it can charge any price it desires; and further, that the defendant is not delivering the type of beer commonly known as "eastern" beer, nor delivering five different brands of "eastern" beer, and is not picking up the cases of empty bottles held by plaintiffs.

As a second cause of action it was alleged that the defendants and each of them received the sum of $1,100 for and on behalf of plaintiffs; that said sum has not been paid plaintiffs although demand therefor was made, and that the whole thereof is now due, owing and unpaid.

Similar allegations in two causes of action were set forth on behalf of plaintiff James P. Munson alone, and John C. Munson alone.

By a further cause of action on behalf of John C. Munson alone, it was alleged that defendants represented that unless said plaintiff signed a modification of his said agreement "Crescent Commercial Corporation would forfeit the deposits that they had with them." That the defendants stated that they represented only Crescent Commercial Corporation and demanded that plaintiff sign two agreements represented to be modifications of his agreements with defendant Crescent Commercial Corporation; that in reliance upon such statements plaintiff signed two agreements, copies being annexed to the complaint. That in lieu and in place of the words "Crescent Commercial Corporation" in said agreements appear the words "Louis Ziegler Brewing Company Inc."; that

said plaintiff had no intention of entering into any agreement with the last-named corporation, and would not have executed the last-mentioned agreements but for his reliance upon defendants' representations.

Although the notice of appeal herein was filed on behalf of both Crescent Commercial Corporation and Louis Ziegler Brewing Company, the briefs filed by their counsel purport to be on behalf of Louis Ziegler Brewing Company alone.

It appears to be the argument of appellant Louis Ziegler Brewing Company that the finding of the court that "on or about May 22, 1947, the Crescent Commercial Corporation did transfer to the Louis Ziegler Brewing Company, Inc., the $3,300 total deposits belonging to the plaintiffs as set forth in their several causes of action" is a finding without the issues; that the common counts against Crescent and Ziegler must be considered in connection with the allegations setting out in detail the contracts and facts on which plaintiffs relied; that since such latter allegations do not support any finding against Ziegler, the judgment against it is without support. These contentions cannot be sustained. The exhibits attached to the complaint as part of the seventh cause of action involving the contracts with Ziegler show that, in effect, Ziegler stepped into the shoes of Crescent Commercial Corporation. In a cross-complaint filed by Ziegler it was alleged that the plaintiffs had deposited with Ziegler a total of $3,300 by virtue of the three contracts which plaintiff sought to have cancelled. Thus the finding complained of was well within the issues framed by the voluminous pleadings and disclosed by the evidence. No complaint is made that any of the findings, uniformly favorable to plaintiffs, were not supported by substantial evidence. That the balance of $3,300 remaining of the funds deposited with Crescent had been "transferred" to Ziegler was testified to by the witness Hamilton, president of Crescent Commercial Corporation, and principal stockholder of Louis Ziegler Brewing Company.

The language relied upon by appellant in *Orloff* v. *Metropolitan Trust Co.*, 17 Cal.2d 484, 489 [110 P.2d 396], that a common count for money had and received, "following allegations setting out in detail the facts upon which appellant relies, must be considered in connection with those facts," is not applicable to the instant situation. In the cited case, the question arose upon a demurrer to the complaint. So, also, in *Hays* v. *Temple*, 23 Cal.App.2d 690, 695 [73 P.2d 1248], where the rule was stated as follows: "It is the estab-

lished law of California that, if plaintiff is not entitled to recover under one count in a complaint wherein *all* the facts upon which his demand is based are specifically pleaded, *it is proper to sustain a demurrer* to a common count set forth in the complaint, the recovery under which *is obviously based on the set of facts specifically pleaded* in the other count." (Emphasis added.)

Here the situation is one in which plaintiff sought cancellation of certain contracts and declaratory relief in certain causes of action and by common counts sought the recovery of moneys held by the defendants. By the evidence at the trial, as well as by the admission in the cross-complaint of appellant Ziegler, it was shown that the moneys sought to be recovered were in the hands of appellant Ziegler. While the causes of action by the respective plaintiffs against defendant Crescent in declaratory relief may not have set forth facts justifying a recovery against Ziegler, the common counts were utilized for the purpose of recovery of the moneys which had been transferred by Crescent to Ziegler; and the evidence, properly admitted under these counts, fully warranted the court's findings in favor of respondent.

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.