[Civ. No. 3868.  Second Appellate District, Division Two.—October 27, 1922.]

ELEANOR M. SHURTLEFF, Appellant, v. MARCUS LAND AND INVESTMENT COMPANY (a Corporation), Respondent.

[1] VENDOR AND VENDEE—BREACH BY VENDEE—VALUE OF LAND—EVIDENCE—FINDING.—In this action for damages for breach by the vendee of a contract for the sale and purchase of certain real property, the evidence was sufficient to justify the finding of the trial court that on the day the defendant refused to accept title to the land the value of the property was a sum in excess of the contract price, notwithstanding the evidence showed that about three weeks later plaintiff sold the land to a new purchaser for a sum much less than the contract price.

[2] ID.—VALUE OF PROPERTY TO VENDOR—MARKET VALUE—EVIDENCE. The term "value of property to him" used in section 3307 of the Civil Code is a thing apart from market value; but market value generally is proof of the value of the property to the seller, and

it is always competent and relevant where that matter is in question.

[3] PLEADING—DEFECTIVE DENIAL—WAIVER—APPEAL.—When issue is imperfectly joined but the case is tried and both parties treat the issue as joined, the defect in denial in the answer cannot be successfully urged for the first time on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. Wiseman MacDonald and W. W. Wallace for Appellant.

Francis J. Heney for Respondent.

CRAIG, J.—The following facts are undisputed: On January 10, 1920, respondent entered into a written contract to purchase a certain tract of land from appellant at an agreed price of $58,245.00; at this time a mortgage upon the property had been foreclosed and about seven months of the period for redemption had expired; on January 23, 1920, the respondent refused to accept title to the land; on February 13th appellant sold the land subject to the mortgage to one Toplitzky for $52,778.10; March 16th following Toplitzky sold to respondent for an advance of $1500 over the price paid by him.

The action is for damages for breach of contract, the amount claimed being the difference between the price called for in the contract of sale to respondent and the amount realized by appellant through her subsequent sale to Toplitzky, and amounting to $5,466.90. Both sides agree that section 3307 of the Civil Code provides the measure of damages. That section reads: "The detriment caused by the breach of an agreement to purchase an estate in real property, is deemed to be the excess, if any, of the amount which would have been due the seller, under the contract, over the value of the property to him."

[1] The court found that the value of the property to the plaintiff on January 23, 1920, was $60,000; that the plaintiff had been damaged in the sum of one dollar and rendered judgment accordingly. Appellant's principal contention is that the evidence is insufficient to support this

finding as to damage. She asserts that her detriment is the excess of the amount due her under the contract over the value of the property to her, and that although in most cases the reasonable market value establishes the element of value to the vendor, under the peculiar facts of this case the value to the vendor is "exactly what she could obtain for it at a fair sale." This appears to be a distinction without a difference. The reasonable market value is the amount which the owner can obtain for it at a fair sale. (*Winnepiseogee Lake Cotton & Woolen Mfg. Co.* v. *Town of Gilford,* 67 N. H. 514 [35 Atl. 945].) But appellant assumes that what she obtained by the sale in February should have been accepted by the court as the test and full proof of "what she could obtain for it at a fair sale." We think this assumption is erroneous. In arriving at the value of the property to the seller the court properly received evidence not only of the amount realized by the seller through the sale which she made, but also of the rental value of the property, the condition of the title, and the reasonable market value as testified to by experts, which included those elements which they regard as relevant to the issue, such as: The activity of the market, the use for which the property is adapted, its relation to transportation facilities, and other matters which we need not here delineate. The appellant's expert witnesses in response to questions asked by her counsel gave opinions as to the market value of the property at the date of the breach of contract. Without doubt this evidence was offered as proof of the price which appellant contended she could have obtained for the property at a fair sale. Yet appellant now takes the position, which is apparently inconsistent, that the trial court should not have considered evidence of the market value in computing the value of the property to the seller, but should have disregarded all such testimony and accepted the sale price as conclusive of that element. Appellant calls attention to the testimony of witnesses on both sides who gave it as their opinion that the fact that a mortgage has been foreclosed would tend to reduce the value of the property to the seller. They did testify to that effect, and also that it would reduce the market value. But the court having received this evidence presumably gave it consideration together with all of the other facts submitted.

[2]    We do not hold that the term "value of the property to him," used in section 3307 of the Civil Code is always identical with market value.    Cases cited by appellant, and others, as *Los Angeles City* v. *Pomeroy,* 124 Cal. 597 [57 Pac. 585], in which it is held that actual or intrinsic value may be quite different from market value, unquestionably establish the proposition that "value of the property to him" is a thing apart from market value.    However, as the appellant concedes, market value generally is proof of the value of the property to the seller.    It is always competent and relevant where that matter is in question.    Where, as in the instant case, the trial court received much conflicting testimony its conclusions as to the ultimate fact will not be disturbed on appeal.    It found that the allegation in the appellant's complaint that the value of the property in question *to the plaintiff* on the date respondent breached the contract was $52,721.07 and no more, was untrue.    The court found that plaintiff had been damaged in the sum of one dollar and no more.    The court found it to be untrue that the value upon the date in question to the plaintiff was any less sum than $60,000.    While the finding might have been stated in more direct language we think this is sufficient as a statement that the value to the seller on the twenty-third day of January, 1920, was $60,000.

The foregoing views as to the legal principles involved in this phase of the case are sustained by California decisions.    That "market value" while not "actual value," is the criterion of actual value is held in *Los Angeles City* v. *Pomeroy,* 124 Cal. 597 [57 Pac. 585].    By analogy it is logical to say that market value is not value to the seller but it is indicative of value to the seller and as such may properly be received in evidence upon that issue.    *Dean* v. *Hawes,* 21 Cal. App. 350 [131 Pac. 885], referring to section 3307 of the Civil Code, holds that "in actions for damages for the breach of a contract such as is pleaded here the sum recoverable as compensation for the breach is the difference between the contract price and the market value of the land at the time of the breach."    Reference is then made to *Drew* v. *Pedlar,* 87 Cal. 443 [22 Am. St. Rep. 257, 25 Pac. 749], in which it is said that the actual loss sustained by the vendor would ordinarily be the difference be-

tween the actual contract price and the actual value of the land at the time of the breach of the contract to purchase.

There is no merit to the contention that the testimony of respondent's witnesses as to the value was irrelevant in that it was based upon the use of the property for subdivision purposes only. Although the expert, Paul Crippen, said it was best fitted for subdivision purposes, he also said his opinion as to its market value had reference to any purpose. John A. Cain also testified as to the value of the property for agricultural, circus and subdivision purposes. He gave his opinion that the market value at the time in question was between $800 and $850 per acre. Other witnesses gave similar testimony. It cannot be fairly said that these witnesses confined their evidence to the value of the property for a single purpose.

[3] Appellant raises the point for the first time on appeal that the defendant's answer is defective in that it is claimed that the allegation to the effect that the property was of a value to the plaintiff of $52,721.07 is not controverted. The denial of the answer on that point is in the following language: "Said defendant . . . denies that on the twenty-third day of January, 1920, or at the time defendant refused to carry out its part of said agreement, or at any time after the tenth day of January, 1920, the value of the said real property was the sum of $52,721.07, or any other sum less than the sum of $58,245." In the same paragraph the answer goes on to say: "Further answering said paragraph V said defendant denies that plaintiff has been damaged by the alleged refusal of defendant to carry out its terms, or any term of said agreement, or to purchase said real property or to pay the purchase price, or any part thereof, according to the, or any of the, terms of said agreement in the sum of $5,523.93, or any other sum." Appellant's point is that the denial in the part of the answer first above quoted is not a denial of the value of the property *to the seller.* The denial of appellant's allegations as to damages is complete and if sustained by the evidence would permit of a judgment for only nominal damages, which is the judgment rendered.

But it is a familiar rule that when issue is imperfectly joined but the case is tried and both parties treat the issue as joined the defect in denial in the answer cannot be suc-

cessfully urged for the first time on appeal. (*Klopper* v. *Levy,* 98 Cal. 525 [33 Pac. 444]; *Stockton Combined Harvester etc. Works* v. *Glens Falls Ins. Co.,* 121 Cal. 167 [53 Pac. 565].) Appellant correctly states the rule that it is only where the record shows the party against whom the estoppel is invoked consciously at least acquiesced in the trial of the issue, as if it had been made, or diverted attention from the fact that it was not made, and from supplying the defect by amendment, that the rule preventing objection being raised to a lack of sufficient denial can be successfully urged. The instant case is typical as one complying with these conditions. Appellant's case in chief consisted principally of evidence intended to show that she had been damaged and the amount of detriment suffered. Respondent replied with the testimony of expert witnesses to meet the issues thus presented. At no time during the trial did the appellant object to such testimony on the ground that the denial of the answer was insufficient or otherwise raise the point.

We have considered the errors assigned as to the rulings of the court upon objections to testimony and find no reversible error.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 21, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 26, 1922.

All the Justices present concurred.