[S. F. No. 11179. In Bank.—February 1, 1926.]

## W. E. WRIGHT, Appellant, v. JOSEPH RODGERS et al., Respondents.

[1] CONTRACTS—EXCHANGE OF REAL ESTATE—LIQUIDATED DAMAGES—WHEN VOID.—An agreement between the parties to a contract for the sale or exchange of real estate for the payment of a liquidated sum in damages in the event of the breach of said contract on the part of either is not necessarily void, but it is only so when it can be determined that such agreement is in the nature of a penalty and not an agreement for liquidated damages, or when it can be determined that the agreement for liquidated damages is one which comes within the inhibition of sections 1670 and 1671 of the Civil Code, that is to say, it is one for the fixation of the amount of damages to be paid in anticipation of the breach of a contract when from the nature of the case it would be neither impracticable nor extremely difficult to fix the actual damage.

[2] ID. — BREACH — LIQUIDATED DAMAGES — PENALTY — INTENT — CONSTRUCTION OF CONTRACT. — In determining whether or not the particular agreement of the parties for the payment by the party committing a breach of the contract to the other of a specified sum of money "as settled and liquidated damages" is an agreement for a penalty, two things are to be considered; first, whether it was the intention of the parties that the sum fixed upon as damages for the breach thereof should be a penalty, and, second, whether such agreement is, in the nature of things, a penalty regardless of the language of the agreement declaring it to be "liquidated damages."

[3] ID. — LIQUIDATED DAMAGES — EXPRESSED INTENT OF PARTIES. — Where the parties to an agreement for the exchange of properties provide that they "bind themselves, their heirs and assigns, unto each other," in a specified sum "to be paid by the party failing to keep and perform the covenants and agreements herein contained and specified, unto the other party hereto, said amount hereby being agreed upon as settled and liquidated damages for such nonperformance," they clearly manifest their intention that the sum fixed therein as damages should be liquidated damages, and in the absence of any ambiguity or uncertainty in its terms this declared intention should control in so far as the intent of the parties is concerned.

1. See 8 Cal. Jur. 860; 25 Cal. Jur. 481; 8 R. C. L. 559.

2. See 8 Cal. Jur. 853; 8 R. C. L. 560.

3. Provisions for damages in land contract as penalty or stipulated damages, note, 34 L. R. A. (N. S.) 4.

[4] ID.—CHANGE OF PENALTY INTO LIQUIDATED DAMAGES.—Where said provision in a contract is, in the nature of things, a penalty, no expression in the agreement that it should be otherwise regarded would be controlling, since the parties cannot, by their agreement so to do, change that which is by nature a penalty into liquidated damages.

[5] ID.—LIQUIDATED DAMAGES—PRESUMPTION OF VALIDITY—ABSENCE OF REBUTTAL.—Under section 3387 of the Civil Code, a provision in a contract for the exchange of real properties for the payment of a specified sum of money as "liquidated damages" in the event of nonperformance will be presumed to be valid; and, in an action to recover said stipulated sum, following nonperformance by the defendant, if the defendant fails to overthrow such presumption by a showing in conformity with the provisions of sections 3306 and 3307 of the Civil Code, which point out the method for the ascertainment of the detriment caused by a breach of an agreement to convey an estate in real property, the agreement for liquidated damages is valid and enforceable.

(1) 17 **C. J.**, p. 931, n. 38, p. 932, n. 42, p. 943, n. 87. (2) 17 **C. J.**, p. 935, n. 61, p. 938, n. 72. (3) 17 **C. J.**, p. 935, n. 61, p. 966, n. 56, p. 967, n. 57. (4) 17 **C. J.**, p. 939, n. 75. (5) 17 **C. J.**, p. 935, n. 58, p. 957, n. 85, p. 1026, n. 69 New.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Benjamin K. Knight, Judge. Reversed.

The facts are stated in the opinion of the court.

W. F. Stafford for Appellant.

Sans & Hudson for Respondents.

RICHARDS, J.—This appeal is from a judgment in favor of the defendants after an order granting their motion for a nonsuit. The action was one commenced by the plaintiff to recover damages for the alleged breach of a contract entered into between plaintiff and defendants for an exchange of their respective pieces of real estate, and incidentally for the transfer by defendants to the plaintiff of certain specified items of personal property upon or used in connection with the real estate which said defendants had agreed to

5. See 8 *Cal. Jur.* 854.

convey. This contract was in writing and bore date as of
December 27, 1922. On or about January 23, 1923, none of
said properties having in the meantime been transferred,
the defendants notified said plaintiff of their refusal to
make said exchange of properties or to be bound by or to
perform the terms and conditions of said agreement. The
contract between the parties as finally executed contained
the following provision:

"Ninth. The parties hereto do hereby further bind them-
selves, their heirs and assigns, unto each other, in the sum
of $2200.00 to be paid by the party failing to keep and
perform the covenants and agreements herein contained and
specified, unto the other party hereto, said amount hereby
being agreed upon as settled and liquidated damages for
such non performance."

Upon the refusal of the defendants to carry out or per-
form or be bound by the terms of said written agreement
the plaintiff brought this action for the recovery of the sum
of $2,200 as liquidated damages pursuant to the foregoing
clause in said agreement, and in his complaint alleged that
he sought such recovery for the reason that it would be and
was and is impracticable or extremely difficult to fix the
actual damages sustained by the parties to said contract and
that he was, therefore, entitled to sue for and recover said
sum as liquidated damages and not as a penalty. The de-
fendants answered said complaint, denying the execution of
said agreement as to that portion thereof relating to liqui-
dated damages, and also denying the averments of the plain-
tiff as to his ability to perform said agreement in a number
of specified particulars. They also denied the plaintiff's
averments to the effect that it would be impracticable or
extremely difficult to fix the actual damages for the breach
of said agreement, and in that behalf averred that the value
of the respective properties of the parties was readily and
easily determinable and that any damage suffered by either
party through a breach of said contract could be easily
determined. They further denied that the plaintiff had
suffered any damage by reason of their refusal to keep or
perform the terms of said agreement. The defendants also
presented a cross-complaint seeking affirmative relief, but its
averments on the issues raised thereby are not involved in
the questions presented upon this appeal. Upon the trial

the plaintiff offered said written agreement in evidence and also gave testimony as to his ability and offer to perform the same and of the defendants' refusal to be bound thereby. He, however, offered no evidence as to any actual damages suffered by him by reason of the defendants' failure and refusal to be bound by or to perform said agreement, nor did he tender any evidence other than that of the terms of the agreement itself as to the impracticability or difficulty in the way of fixing the actual damages arising from the breach of said agreement. At the close of the plaintiff's testimony he rested his case; whereupon the defendants moved for a nonsuit upon several enumerated grounds, the first of which was that the provision in said contract for the payment of liquidated damages was void. This was the only ground of said motion discussed upon the hearing thereon and the action of the court in granting the same was evidently predicated upon the proposition that the plaintiff, having failed to make proof of any actual damages as a result of the defendants' breach of said agreement, had not made out a case. The only question raised or discussed upon this appeal is as to the correctness of the court's ruling upon said ground of nonsuit.

[1] An agreement between the parties to a contract for the sale or exchange of real estate for the payment of a stipulated sum in damages in the event of the breach of said contract on the part of either is not necessarily void. It is only so when (1) it can be determined that such agreement is in the nature of a penalty and not an agreement for liquidated damages, or (2) when it can be determined that the agreement for liquidated damages is one which comes within the inhibition of sections 1670 and 1671 of the Civil Code; that is to say, it is an agreement for the fixation of the amount of damage to be paid in anticipation of the breach of a contract when from the nature of the case it would be neither impracticable nor extremely difficult to fix the actual damage. [2] The first question which arises in this case is as to whether or not the particular agreement of the parties embraced in the clause of their contract for the exchange of properties above set forth is an agreement for a penalty. If it is, it is conceded to be void. In the determination of this question two things are to be considered; first, whether it was the intention of the parties to

the agreement that the sum fixed upon as damages for the breach thereof by either should be a penalty; second, whether such agreement is, in the nature of things, a penalty, regardless of the language of the agreement declaring it to be "liquidated damages." [3] In the clause in said agreement here under review the parties have clearly manifested their intention that the sum fixed therein as damages should be liquidated damages, and in the absence of any ambiguity or uncertainty in its terms this declared intention should control in so far as the intent of the parties is concerned. (17 Corpus Juris, p. 966, and cases cited; *Madler* v. *Silverstone*, 55 Wash. 159 [34 L. R. A. (N. S.) 1, 104 Pac. 165]; *Calbeck* v. *Ford*, 140 Mich. 48 [103 N. W. 516].) [4] This brings us to the second contention, which is whether the said provision is, in the nature of things, a penalty. If it is, then no expression in the agreement that it should be otherwise regarded would be controlling, since the parties could not, by their agreement so to do, change that which is by nature a penalty into liquidated damages. [5] We look, therefore, to the agreement between the parties as a whole for the purpose of determining whether that portion thereof which undertakes to fix in advance the damages to either party caused by its breach by the other is to be regarded as a penalty for such breach. The contract between the parties is one for the exchange of their respective real properties. Had this contract been one by which one of the parties thereto was to buy the real property of the other the question as to whether the clause herein providing for liquidated damages in the event of a breach thereof would present little difficulty. There was confusion in the earlier decisions of this court touching this subject, due, apparently, to the fact that the parties to such agreements had stipulated that in the event of failure on the part of the purchaser to continue his installment payments on account of the purchase price the seller might cancel the contract and declare a forfeiture of the payment made thereon as liquidated damages. In the case of *Drew* v. *Pedlar*, 87 Cal. 443 [22 Am. St. Rep. 257, 25 Pac. 749], this court declared that a stipulation in such a contract that the purchase money paid should be taken as liquidated damages for the breach of the contract by the purchaser is void under sections 1670 and 1671 of the Civil Code. This decision was followed for

a time, but in the case of *Glock* v. *Howard,* 123 Cal. 1 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713], the question was made the subject of an exhaustive review by the learned writer of the main opinion in that case, wherein the several sections of the Civil Code bearing upon the subject were examined and the case of *Drew* v. *Pedlar, supra,* reviewed and limited, and the conclusion was arrived at that contracts for the purchase and sale of real property came fairly within the exception to section 1670 of the Civil Code embraced in section 1671 thereof. The writer of the opinion was led to this conclusion by a consideration of sections 3387 and 3389 of the Civil Code, which read as follows:

"Sec. 3387. It is to be presumed that the breach of an agreement to transfer real property cannot be adequately relieved by pecuniary compensation, and that the breach of an agreement to transfer personal property can be thus relieved.

"Sec. 3389. A contract otherwise proper to be specifically enforced, may be thus enforced, though a penalty is imposed, or the damages are liquidated for its breach, and the party in default is willing to pay the same."

These sections of the Civil Code apparently re-enact the common-law rule regarding contracts for the sale of real property, as well as the rule in equity permitting the specific performance of such contracts. (17 Corpus Juris, *supra.*) It is true that the case of *Glock* v. *Howard, supra,* presents the singular situation of an evenly divided court as to the particular ground upon which the judgment should be reversed, but the case is so well reasoned that it has notwithstanding become a leading case and has been so often cited with approval that the statements both of the main and of the concurring opinion may be taken as stating the settled law of this state touching the validity of agreements of the character considered therein and of the rights of the respective parties to recovery thereunder. We are unable to perceive that there is any distinction to be drawn between contracts for the purchase and sale of real property and contracts for the exchange of real property. If there is any such distinction it should be in favor of upholding the clause in the latter providing for liquidated damages in the event of a breach thereof, for the reason that as to both parties the property sought in exchange is real property, to

which the principle of *pretium affectionis* applies, and to which, also, the presumption as to the impracticability of adequately admeasuring damages, referred to in section 3387 of the Civil Code, is to be given application.

Having thus determined that the clause in the contract of the parties hereto relating to stipulated damages was a valid and binding obligation, we come to the trial of the cause. The plaintiff offered in evidence the contract between the parties for the exchange of their respective real properties bearing date as of December 27, 1922; and also offered in evidence the letter written on behalf of the defendants dated January 20, 1923, declining to go further with the transaction. He also offered himself as a witness on his own behalf and testified that he was the owner of the property which he had proposed in said agreement to exchange for the defendants' said real estate and that he had always been ready and willing to perform the portion of the agreement of December 27, 1922, to be by him performed. No other testimony was offered. When the plaintiff rested his case the defendants moved for a nonsuit upon several grounds, but upon the first and chief ground that the provision in said contract providing for liquidated damages for a violation thereof was void. The other grounds of said motion need not be considered, since they refer to matters of defense. The order of the trial court in granting said motion clearly indicates that the first ground urged was the ground upon which the trial court acted in granting the motion for nonsuit. We are of the opinion that the trial court was in error in granting said motion. The plaintiff having brought his action upon an express contract for the payment of money in the form of liquidated damages for the breach-of an agreement for the transfer of real property and having produced in evidence what we have herein determined to be a legal and binding obligation for the payment of the sum of money for which suit was brought, having shown the defendants' breach of the agreement of which such obligation formed a valid part and having testified that he was ready, able, and willing to perform said agreement, was entitled to the benefit of the presumption provided for in section 3387 of the Civil Code to make out a *prima facie* case. It is true that such presumption is a disputable presumption and that the defendants might have offered evi-

dence to overthrow it by a showing in conformity with the provisions of sections 3306 and 3307 of the Civil Code, which point out the method for the ascertainment of the detriment caused by a breach of an agreement to convey an estate in real property. These sections of the Civil Code were not, however, intended to eliminate section 3387 thereof, nor were they designed to provide that agreements for liquidated damages in the case of breaches of contracts to convey real property should not in proper cases be brought within the exception set forth in section 1671 of the Civil Code. They were obviously intended to point out the kind of proof to be presented in actions brought to recover the *actual* damages caused by a breach of such agreements and also probably to point the sort of proof to be presented in an attempt to overthrow the disputable presumption embraced in section 3387 of the Civil Code. The defendants herein did not, however, see fit to avail themselves of the form of proof provided for in said sections of the code. They rather chose to rest their case upon a motion for nonsuit, the effect of which would be to not only leave the presumption above referred to undisputed, but also to leave the plaintiff in a position to claim that the agreement for liquidated damages when aided by said presumption was a valid and enforceable agreement. In other words, the plaintiff had made out a *prima facie* case. The motion for nonsuit was therefore improperly granted and hence the judgment based thereon was erroneous. It is therefore reversed.

Shenk, J., Lawlor, J., Waste, C. J., and Seawell, J., concurred.