[Civ. No. 11220. First Appellate District, Division Two.—January 31, 1940.]

CASPAR LUMBER COMPANY (a Corporation), Appellant, v. JEAN M. STOWELL, Respondent.

Faulkner, Doyle & Sanford, William T. Doyle and William P. Clecak for Appellant.

Douglas M. Moore and Keyes & Erskine for Respondent.

NOURSE, P. J.—Plaintiff sued to recover the balance due upon a written contract for the sale of real property. ■ The defendant interposed a general and special demurrer, which was sustained without leave to amend. Since the plaintiff did not request leave to amend, the question before us is whether the demurrer to the complaint is good upon any ground. This limitation is stated clearly in *Stillwell Hotel Co.* v. *Anderson,* 4 Cal. (2d) 463, 464 [50 Pac. (2d) 441], as follows: "The record fails to show that leave to amend was asked and refused between the dates of order and judgment, hence, no error may be claimed in that respect; and appellant having declined to amend, must stand upon his pleading as against the demurrer on both its general and special grounds (*Haddad* v. *McDowell,* 213 Cal. 690 [3 Pac. (2d) 550])" and in *Swasey* v. *De L'Etanche,* 17 Cal. App. (2d) 713, 715 [62 Pac. (2d) 753], where it is said: "Although the order did not state the grounds upon which the demurrer was sustained, the judgment must be affirmed if the demurrer was good upon any ground therein stated. (*Penziner* v. *West American Finance Co.,* 133 Cal. App. 578 [24 Pac. (2d) 501].) The record does not disclose that plaintiffs requested leave to amend, nor do they now claim that they made such request. Under such circumstances, if the special demurrer was well taken in any particular, the order sustaining it without leave to amend would not constitute reversible error even if the complaint stated a cause of action. (*Haddad* v. *McDowell,* 213 Cal. 690 [3 Pac. (2d) 550]; *Consolidated R. & P. Co.* v. *Scarborough,* 216 Cal. 698 [16 Pac. (2d) 268]; *Fitzpatrick* v. *Fidelity & Casualty Co.,* 7 Cal. (2d) 230 [60 Pac. (2d) 276].)"

The complaint states generally that plaintiff agreed to sell and defendant agreed to purchase certain land for the full price of $8,000 plus incidentals, payable in semi-annual instalments; the seller retained title and possession and agreed to convey upon payment of the final instalment; $1500 was

paid, and the balance of $6,500 plus taxes and interest was declared due in its entirety by the seller on September 23, 1937. The complaint does not allege that the rights of the vendee have been forfeited or that tender of a conveyance was made; but does plead that plaintiff was willing and able to perform all its obligations under the contract.

The appellant suggests three possible remedies which it might have under the circumstances and argues that its complaint should be held sufficient as pleading at least one of the three. These are: (1) the right to specifically enforce the contract, (2) an action for damages for breach of the contract under section 3307 of the Civil Code, and (3) an action for the balance due under the terms of the contract.

██ (1) The complaint fails to state a cause of action for specific performance because it does not allege that the transaction was fair and just and supported by an adequate consideration. (23 Cal. Jur., p. 493.) ██ (2) It is insufficient as a complaint for damages under section 3307 of the Civil Code because it fails to allege the market value of the land at the time of the breach. The excess of the amount due the seller over the value of the property to him is the measure of damages fixed in the code section. A complaint failing to allege such value does not plead a cause of action for damages. (*Bohall* v. *Diller*, 41 Cal. 532.) These conclusions the appellant does not dispute.

██ (3) By its failure to allege a tender of performance by the seller the pleader has rendered its complaint demurrable. The necessity of such a tender is not a matter of controversy in this state. The rule is thus stated in *Boone* v. *Templeman*, 158 Cal. 290, 297 [110 Pac. 947, 139 Am. St. Rep. 126]: ''Where in a contract for the sale of land the price is made payable in installments at different times and the deed is to be made when the whole is paid, the vendor may, upon failure to pay any intermediate installment, forthwith sue for its recovery. But if he allows the whole to become due, the payment of the price then becomes a dependent and concurrent condition, nonpayment alone does not put the vendee in default, the vendor must tender a deed as a condition to demanding payment of the price, and he cannot, without such tender, declare a forfeiture, or maintain a suit either for the whole price, or for an intermediate installment.''

Appellant seeks to confine the application of the rule to those cases in which "the vendor waits until the maturity of the contract before filing suit". Appellant cites and relies upon *Christian* v. *Johnson Const. Co.*, 161 Md. 87 [155 Atl. 181], as the only authority upon which the argument is founded that, when a vendor claims a default of the whole purchase price under an acceleration clause, his suit to recover the balance due is not a suit to recover the instalments due, but an action for the breach, and that no tender is necessary. The case stands alone and does not represent the California rule.

In case of breach by the vendee, the vendor may bring suit (1) for the instalments which are due; (2) for damages for the breach; (3) for specific performance; (4) to foreclose; or (5) to quiet title. The first two actions are at law, the last three in equity. A general offer to do equity, or a plea of readiness and willingness will excuse a plea of tender in a bill of equity (26 R. C. L., p. 626). This is on the principle that a court of equity once acquiring jurisdiction of the cause will assume full jurisdiction in order to do complete equity. But there is no such rule in respect to a pure action at law such as we have here. In such a case, where the obligation of the vendor is to convey upon payment of the full purchase price, the two conditions are dependent and concurrent. No other rule is possible. Paragraph IV of the contract of sale gives the vendor the option in case of any default of vendee, to claim the entire balance due, or to claim the rights of the vendee forfeited. The complaint pleads that the vendor elected to claim the entire purchase price, and the written notice to the vendee pleaded as an exhibit is to that effect. No forfeiture was attempted and none pleaded. The rights of the parties are plain—if the vendor recovers the full purchase price, the vendee is entitled to a conveyance of the property. We are not impressed with appellant's suggestion that respondent might not satisfy the judgment, and hence no tender would be necessary, or that respondent might sue to quiet title or sue in equity to compel appellant to execute a deed. The principle of the ruling cases is that where under a contract for the sale of real property calling for the payment of the purchase price in instalments, with an acceleration clause in event of nonpayment of any instalment, the vendor exercises the acceleration option and declares the whole amount due, the parties are

in the same position as when the final payments become due by the lapse of time fixed in the contract. As above noted, the appellant herein did not claim a default or forfeiture, but demanded payment in full. Such a demand cannot put the vendee in default without a tender of a deed. (*Lemle* v. *Barry*, 181 Cal. 6, 10 [183 Pac. 148].)

Appellant suggests that the conduct of respondent may have waived a tender. If so, the facts upon which the claim of waiver is based should have been pleaded. In ruling on the demurrer, the trial court found nothing in the complaint suggesting a waiver, and we are not permitted to assume such facts from statements in the briefs. Furthermore, the point was not raised or stated as a "question involved" in appellant's brief and is not properly before us.

For these reasons the plaintiff should have asked leave to amend the complaint, but not having done so, it may not claim error in the order sustaining the demurrer without leave.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.