[Civ. No. 16609.   Second Dist., Div. Three.   Apr. 18, 1949.]

EMPLOYEES' PARTICIPATING ASSOCIATION (a Corporation), Respondent, v. JACOB PINE et al., Appellants.

Paul Gordon and Samuel H. Sherman for Appellants.

Paul R. Hutchinson for Respondent.

WOOD, J.—This is an action to recover damages for breach of contract to purchase real property. Judgment was for plaintiff for $2,500. Defendants appeal from the judgment.

The property involved herein, consisting of an improved lot and two adjoining unimproved lots, was listed with a real estate broker for sale for $25,000. On April 8, 1946, defendants entered into an agreement to purchase the property for $21,750 and paid a deposit thereon of $500. Escrow instructions were signed by the seller and the purchasers, and the seller delivered a grant deed and ''a bill of sale'' into escrow. About July 3, 1946, before the escrow had been closed, defendant Jacob Pine sent a notice of rescission to the escrow holder and to the plaintiff. Thereafter, plaintiff commenced this action and alleged it was damaged in the sum of $6,750.

Appellants contend that the complaint did not state facts sufficient to constitute a cause of action; that the finding of fact relating to the amount of damages was not sustained by the evidence; and that the judgment is not sustained by the evidence.

Appellants assert that the complaint did not state facts sufficient to constitute a cause of action for damages, for the reason that it did not allege the value of the property at the time of the breach. It was alleged in paragraph VII of the complaint herein, as amended, that ''since defendants' breach of contract as aforesaid, the value of said property has decreased from Twenty-One Thousand Seven Hundred Fifty ($21,750.00) Dollars to Fifteen Thousand ($15,000.00) Dollars, all to the plaintiff's damage in the sum of Six Thousand Seven Hundred Fifty ($6,750.00) Dollars.'' ■ The measure of damages for breach of agreement to purchase real property is stated in section 3307 of the Civil Code, which

provides that the damage sustained by a seller by reason of a breach of agreement to purchase real property is the excess, if any, of the contract price "over the value of the property" to the seller. As a general rule, "the value of the property" to the seller is the market value of the property at the time of the breach (*Shurtleff* v. *Marcus Land etc. Co.,* 59 Cal.App. 520, 523 [211 P. 244] ; *Dean* v. *Hawes,* 21 Cal.App. 350, 355 [131 P. 885] ), in which case it is necessary to allege such value in order to plead a cause of action for damages. (*Caspar Lumber Co.* v. *Stowell,* 37 Cal.App.2d 58, 61 [98 P.2d 744].) In the present case defendants in their answer denied the allegations in paragraph VII, but did not raise a question as to the sufficiency of the pleading.　　　At the trial evidence was introduced, without objection, as to the value of the property at the time of the breach, and the court's finding as to damages was based upon the value of the property at the time of the breach. If defendants had made a timely objection plaintiff might have remedied the defect by amending the pleadings. In the case of *Caspar Lumber Co.* v. *Stowell, supra,* which was an action for the balance due on a written contract for the sale of real property, the court held that the complaint was insufficient as a complaint for damages under section 3307 of the Civil Code because it failed to allege the market value of the property at the time of the breach. In that case, however, defendant's demurrer and special demurrer were sustained without leave to amend, and the plaintiff did not request leave to amend. In the case of *Lynn* v. *Knob Hill Improvement Co.,* 177 Cal. 56 [169 P. 1009], cited by appellants, the court held that the complaint for damages, which failed to allege the value of the land at the time of the breach, did not state a cause of action. In that case, however, defendant's default was entered, no evidence of damage was offered, and no findings were made. The present case was tried on the theory that the market value at the time of the breach was at issue. A defendant may not stand by and, without objection, allow an issue to be tried as though properly pleaded and then, on appeal, escape the consequences because the complaint failed to properly present such issue. (*See Vaughn* v. *Jonas,* 31 Cal.2d 586, 605 [191 P.2d 432] ; *Slaughter* v. *Goldberg, Bowen & Co.,* 26 Cal.App. 318, 325 [147 P. 90] ; *Abner Doble Co.* v. *Keystone etc. Co.,* 145 Cal. 490, 495 [78 P. 1050].) Appellants' contention is not sustained.

■ As to the further contention of appellants that finding number 10, relating to damages, was not supported by the evidence, they argue that there was no evidence that the value of the property at the time of the breach was $2,500 less than at the time the contract was made. They assert that no witness testified that the "figure" $2,500 was the difference between the selling price and the market price at the time of the breach, and that there was no testimony as to any combination of figures from which the sum of $2,500 could have been calculated.

The real estate broker with whom the property had been listed for sale, and who represented plaintiff in negotiating the sale with defendants, was called as a witness on behalf of the plaintiff, and testified as follows: He had been licensed to sell real property in California about 15 years and during that time had maintained his office directly across the street from the property here involved. The building on said property was erected in 1922 and the witness watched its construction from the beginning. He was familiar with the value of real property of that type in that area. He had sold the property here involved three different times. In his opinion $21,750 was a fair price for the property on April 8, 1946, the date the agreement was entered into. After the agreement was entered into the property declined in value. About the first part of July there was no demand for real property, and market prices dropped suddenly. In his opinion "$17,000 was tops" for the building and the lots on or about July 3, 1946, and they were not worth "over $17,000" at that time.

A witness called on behalf of defendants testified that he was a real estate broker and that he had entered into an agreement to purchase the property here involved on October 9, 1946. He also testified that he believed statistics would show that the value of real property decreased in June, 1946. He testified further that he believed the last witness was "more familiar" with industrial property than he was, and that the testimony of the last witness was "pretty much accurate."

There was evidence, oral and documentary, showing the selling price of the property to be $21,750, and there was expert testimony that the value of the property at the time of the breach was not "over $17,000." That evidence would have been legally sufficient to have supported a finding that the plaintiff was damaged in the sum of $4,750 (the difference between the selling price and the market value at the time of the breach). As shown above, the court awarded damages

in the sum of $2,500, which was less than the amount of said difference in values. The trial court was not required to find the value of the property to be the full value stated by a witness. ▆ It was stated in the case of *Roloff* v. *Hundeby,* 105 Cal.App. 645, at pages 652-653 [288 P. 702] : "Questions of value are almost always matters of opinion, and evidence thereon usually goes no further than to give the court more or less general ideas on the subject. From the evidence thus received a trial court must draw its own conclusions of value by a process of balancing and reconciling, if possible, the varying opinions. . . . [T]he trial court, in an effort to attain an even justice, often exercises a wide discretion in awarding damages." Apparently the court herein found the market value of the property to be $19,250 at the time of the breach, (which is $2,500 less than the selling price of $21,750).

▆ A trial court need not set forth computations showing by what method it determined the amount of damages to be awarded. (*Roloff* v. *Hundeby, supra,* p. 652.) The case of *Klegman* v. *Moyer,* 91 Cal.App. 333 [266 P. 1009], was an action to recover damages for an alleged breach of contract to exchange real property. The trial court awarded plaintiff damages in the sum of $5,000 but did not set forth its process of computation. On appeal the court stated therein, at page 346 : "We are entitled to draw necessary inferences from the findings in order to support a judgment. . . . 'It has been held that courts may find damages in a lump sum, and that any uncertainty in the findings is to be construed so as to support the judgment rather than to defeat it.'" The trial court herein had before it testimony as to the value of the property at the time of the breach, testimony regarding fluctuation in market values at the time of and immediately after the breach, evidence of the type, construction and age of the building, and conditions generally in that neighborhood. The finding as to the amount of damages is supported by the evidence.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.