[Civ. No. 20189.   Second Dist., Div. One.   Sept. 14, 1954.]

ROSS BEASON, Individually and as Trustee, etc., Respondents, v. MORTON GRIFF et al., Appellants.

Hy Schwartz for Appellants.

Nicholas & Mack for Respondents.

WHITE, P. J.—This is an appeal by Mr. and Mrs. Griff and Mr. and Mrs. Efros, who are hereinafter designated as "appellants." The complaint is divided into three causes of action. The above named appellants, and Marr and Long,

real estate brokers, and Bank of America, escrow holder, were defendants. The pertinent allegations of the first nine paragraphs of the first cause of action are: that Ross Beason (hereinafter designated as "respondent"), as trustee, "has been the owner" of certain real property; that respondent, individually, "was the owner" of the personal property described in said deposit receipt and escrow instructions "at all times herein mentioned"; that on or about March 31, 1952, appellants executed and delivered a certain deposit receipt for the purchase of real and personal property "for the price of $50,000.00 and paid the sum of $5,000.00 deposit thereon" to Marr and Long, and appellants then accepted said deposit receipt; that on or about April 2, 1952, appellants "made and entered into said Escrow Instructions, as contemplated under the terms and conditions of the agreement set forth in said Deposit Receipt"; that said escrow instructions were "accepted" by respondents and by the Bank of America as escrow holder; that on or before June 2, 1952, respondents performed all conditions required of them to enable Bank of America to close said escrow. By paragraphs X, XI and XII of said first cause of action, respondent alleges:

"X. That on or about the 21st day of May, 1952, said defendants MORTON GRIFF, ESTHER GRIFF, LOUIS EFROS and PHYLLIS W. EFROS, repudiated said purchase of said real property and of said furnishings, furniture and personal property, located and situated on and in said real property, and breached their agreement as set forth in said Deposit Receipt and in said Escrow.

"XI. That by reason of said repudiation and breach of contract by said defendants MORTON GRIFF, ESTHER GRIFF, LOUIS EFROS and PHYLLIS W. EFFROS, plaintiffs have suffered great damage and loss of rents and necessary expenses incurred on account of said purchase and sale. That it is impossible to determine the amount of said damage.

"XII. That said Deposit Receipt provides, inter alia, as follows: 'IN CONNECTION THEREWITH IT IS HEREBY AGREED: (1st) That should the purchaser fail to pay the balance of said purchase price, or fail to complete the purchase, as herein provided, the amounts paid hereon may, at the option of the seller, be retained as the consideration for the execution of this agreement by the seller. (6th) That the essence of this Agreement is time.'

"That said defendants MORTON GRIFF, ESTHER GRIFF, LOUIS

EFROS and PHYLLIS W. EFROS, have paid a sum of $5000.00 to defendants LEE MARR and LOUIS J. LONG, JR. and said LEE MARR and LOUIS J. LONG, JR. have deposited said $5000.00 in Escrow #218-17003-M at and with said defendant BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION. That said defendants MORTON GRIFF, ESTHER GRIFF, LOUIS EFROS and PHYLLIS W. EFROS have failed to deposit in said escrow the balance of said purchase price as required under the terms and conditions of the agreement set forth in the said Deposit Receipt, and have failed to complete said purchase. That the damages suffered by plaintiffs exceed said deposit and said $5,000.00, less escrow and title charges, belongs to plaintiffs and may be retained by them and the filing of this complaint shall be conclusive notice of plaintiffs' election to retain said sum as the consideration for the execution of the agreement set forth in said Deposit Receipt.''

The second cause of action alleges also that respondents are the owners and entitled to the possession of the $5,000.00 deposited by appellants and all papers deposited by respondents in said escrow, that demand therefor has been made and the Bank of America, as escrow holder, has failed and refused to deliver them to respondents.

The further allegations of the third cause of action are that Marr and Long ''collected and received for and on account of'' respondents the sum of $5,000 and have refused upon demand to pay it to them.

The prayer is for $5,000 ''as consideration for the execution of said Deposit Receipt''; that respondents' title be quieted to said money and papers in said escrow; that Bank of America be required to pay to respondents said $5,000 less proper escrow and title expenses, and to return to respondents the documents deposited by them in said escrow.

Appellants demurred to each cause of action on the ground that it ''does not state facts sufficient to constitute a cause of action,'' and the first reason for reversal urged by them is that the trial court erred in overruling their general demurrer. Specifically, appellants contend that a complaint for breach of an agreement to purchase real property which fails to state the market value of the property at the time of the breach does not state a cause of action. They argue that the instant action is analogous to *Employees' Participating Assn.* v. *Pine,* 91 Cal.App.2d 299, wherein, at page 300-301 [204 P.2d 965], the court said:

"The measure of damages for breach of agreement to purchase real property is stated in section 3307 of the Civil Code, which provides that the damage sustained by a seller by reason of a breach of agreement to purchase real property is the excess, if any, of the contract price 'over the value of the property' to the seller. As a general rule, 'the value of the property' to the seller is the market value of the property at the time of the breach (*Shurtleff* v. *Marcus Land etc. Co.,* 59 Cal.App. 520, 523 [211 P. 244]; *Dean* v. *Hawes,* 21 Cal. App. 350, 355 [131 P. 885]), in which case it is necessary to allege such value in order to plead a cause of action for damages. (*Caspar Lumber Co.* v. *Stowell,* 37 Cal.App.2d 58, 61 [98 P.2d 744].)"

In the case of *Employees' Participating Assn.* v. *Pine, supra,* the sufficiency of the pleadings having been questioned for the first time on appeal, the decision was based on other grounds. In *Shurtleff* v. *Marcus Land etc. Co.* and *Dean* v. *Hawes,* therein cited, the sufficiency of the complaints is not discussed. In *Caspar Lumber Co.* v. *Stowell,* also cited therein, at page 61, we find the following language: "It is insufficient as a complaint for damages under section 3307 of the Civil Code because it fails to allege the market value of the land at the time of the breach. The excess of the amount due the seller over the value of the property to him is the measure of damages fixed in the code section. A complaint failing to allege such value does not plead a cause of action for damages. (*Bohall* v. *Diller,* 41 Cal. 532.) These conclusions the appellant does not dispute." The decision in *Caspar Lumber Co.* v. *Stowell, supra,* was upon an appeal from judgment for defendant after demurrer to a complaint for the balance of the agreed price had been sustained without leave to amend; and, because there was no allegation that plaintiff had been damaged and there had been no request for leave to amend, the judgment was affirmed.

The judgment awarding vendor the possession of real property and a money judgment, in the case of *Bohall* v. *Diller,* 41 Cal. 532, was reversed on appeal, and at page 535, the court said: "When a vendee has so failed to perform the contract, that the vendor may elect to treat the contract as rescinded, it is incumbent on the vendor, in order to work that result, to restore to the vendee whatever he has paid on the contract."

In ruling upon a general demurrer, effect must be given to every allegation in the complaint; and the demurrer must be overruled if the complaint states, or from its aver-

ments it can be reasonably inferred, that plaintiff has a cause of action against defendant on any theory. (*Martin* v. *Hall,* 219 Cal. 334, 339 [26 P.2d 288]; *Johnson* v. *Clark,* 7 Cal.2d 529, 536 [61 P.2d 767].)

The averment of an improper or wrong measure of damages, or the demand or prayer for items of damage not warranted by the facts alleged is not a ground for general demurrer. (*Woodley* v. *Woodley,* 47 Cal.App.2d 188, 190-191 [117 P.2d 722]; *Loope* v. *Greyhound Lines, Inc.,* 114 Cal.App.2d 611, 615 [250 P.2d 651]; *Sutter* v. *General Petroleum Co.,* 28 Cal.2d 525, 534 [170 P.2d 898, 167 A.L.R. 271].)

In their brief, respondents concede that, if this were an action for damages for breach of contract to purchase real property, under Civil Code section 3307, appellants' general demurrer should have been sustained. Nevertheless, the complaint does state a cause of action for breach of contract to purchase real property, and appellants' general demurrer thereto was properly overruled.

After their demurrer was overruled, appellants answered. They averred that their check for $5,000 was not paid to Marr and Long "for the account of" respondents, but that it was to be and was paid into escrow with Bank of America upon certain escrow instructions; that appellants served a notice of rescission; that respondents have not been damaged and that it is possible to prove the amount of damage, if any, suffered by respondents; and appellants pray for a judgment that the $5,000 deposited by them in escrow belongs to them.

Bank of America answered and counterclaimed for $240 escrow expenses.

Marr and Long answered and cross-complained for $2,500 commission. Respondents answered the cross-complaint of Marr and Long, admitted that the $5,000 was deposited by Marr and Long with Bank of America "in pursuance of signed and written escrow instructions," that respondents agreed to pay Marr and Long $2,500 commission, and that said commission had not been paid, and alleged that appellants had pleaded a rescission because of misrepresentation and mistake and that, if such defense be sustained by them, respondents do not owe any commission to Marr and Long.

Trial was had before the court sitting without a jury. Upon deposit in court of $4,760 by Bank of America, the case was dismissed as to it. Trial resulted in a judgment that respondents have and recover from appellants the sum of $4,760; that

respondents have and recover from Bank of America all papers deposited by them in said escrow; and that Marr and Long recover from respondents $2,500.

This appeal is from the portion of the judgment that respondents recover from appellants the sum of $4,760.

Appellants urge that this judgment is not supported by any finding of damage to respondents. The court found, however, "that by reason of the repudiation and breach of contract" by appellants, as buyers, respondents, as sellers, "have suffered damages and have incurred necessary expenses on account of the purchase and sale." The portion of the conclusions of law that respondents should recover from appellants the sum of $4,760, considered with the above finding, and the portion of the conclusions of law that Marr and Long should recover from respondents the sum of $2,500 is, in effect, a finding that respondents' other damages and expenses on account of appellants' repudiation and breach of their agreement to purchase respondents' real property amounted to $2,260, which is the difference between $2,500 and $4,760 (*Linberg* v. *Stanto*, 211 Cal. 771, 775-776 [297 P. 9, 75 A.L.R. 555] ; *Bechtold* v. *Bishop & Co., Inc.*, 16 Cal.2d 285, 293 [105 P.2d 984] ). ▮ While findings are required on all material issues, a judgment should not be reversed on appeal if the omitted finding can be implied from the express findings and conclusions of the trial court. (*Richter* v. *Walker*, 36 Cal.2d 634, 639-640 [226 P.2d 593].)

▮ An appellate court will not so imply a necessary finding, however, unless it is clearly supported by the evidence.

▮ In this case, there was no change of possession of either the real or personal property; and, between the date of the agreement and the date of the breach, from March 31, 1952, to May 21, 1952, the vendor continued to use the property as he had done in the past, for weekend entertaining. Here, respondents refer us to no evidence, and upon careful examination of the record we are unable to find any, that respondents were damaged in any respect, except as to the liability to Marr and Long, realtors, for $2,500 commission. This leaves the amount of $2,260, by which the judgment exceeds the amount of respondents' proven damages. Consequently, the judgment cannot be affirmed for an amount in excess of $2,500 as one for damages for breach of contract to purchase real property.

Respondents do not argue that there is any proof of the amount or manner in which they have been damaged. It is

their contention that the judgment for $4,760 should be affirmed because of "their right, as a result of appellants' breach, to retain the down payment made by appellants, under the express terms and conditions of the Deposit Receipt, as consideration for respondents' execution of the agreement." Respondents urge that the instant action is analogous to, and controlled by, the decision in *Wright* v. *Rodgers,* 198 Cal. 137 [243 P. 866].

*Wright* v. *Rodgers, supra,* was decided on an appeal from judgment after nonsuit in an action for $2,200 as liquidated damages for breach of a written contract for exchange of parcels of real property. The contract contained this provision: "Ninth. The parties hereto do hereby further bind themselves, their heirs and assigns, unto each other, in the sum of $2,200.00 to be paid by the party failing to keep and perform the covenants and agreements herein contained and specified, unto the other party hereto, said amount hereby being agreed upon as settled and liquidated damages for such non-performance." There was no evidence of actual damage, and none of impracticability or difficulty in the way of fixing actual damages. Judgment was reversed for the reason that the undisputed presumption embraced in section 3387 of the Civil Code, that "the breach of an agreement *to transfer real property* cannot be adequately relieved by pecuniary compensation" (emphasis added), together with the valid agreement for liquidated damages is sufficient, upon motion for nonsuit, to support the judgment for the agreed amount.

The instant action, unlike *Wright* v. *Rodgers, supra,* is an action by a vendor to procure money which had been placed by the vendee in escrow as part payment of the purchase price of real and personal property. In the instant action, there is no basis for the application of the presumption (Civ. Code, § 3387) respecting damage to a purchaser because of the breach of an agreement to transfer real property to him. The agreement enforced in the case of *Wright* v. *Rodgers, supra,* in many other respects is dissimilar to the agreement relied upon by respondents in the instant action. In *Wright* v. *Rodgers, supra,* the parties expressly agreed upon "settled and liquidated damages for such non-performance." There the agreement itself was some evidence of the amount of damage and of the anticipated difficulty of determining the amount of such damage in the event of a breach by either party.

The agreement relied upon by respondents in the instant

action ''did not purport to limit defendant's liability.'' (*Royer* v. *Carter*, 37 Cal.2d 544, 548 [233 P.2d 539].) The agreement did not purport to set either the minimum or maximum of appellants' liability in the event of breach. It does not purport to settle or liquidate damages. The portion of the agreed purchase price deposited in escrow, under the terms of the entire agreement as evidenced by the deposit receipt and the escrow instructions, was to be held in escrow awaiting ''the settlement of any such controversy by final appropriate legal proceedings or otherwise . . .,'' and is a fund belonging to vendee, out of which vendor may collect his actual damages, if any, caused by vendee's repudiation. Therefore, the judgment cannot be affirmed as one for agreed and liquidated damages.

Appellants contend that they are entitled to the return of the whole amount so deposited in escrow by them, for the reason that they rescinded the agreement for sufficient cause, and no breach was committed by them.

On this subject the trial court found ''that a written notice purporting to be a notice of rescission was, in fact, served'' on the respondents; and that ''there was no fraud, misrepresentation or cause for mistake on the part of the plaintiffs, as sellers, or on the part of the defendants, Marr and Long, as real estate brokers, in the subject action.''

Appellants contend that the last finding above quoted is not supported by any evidence; that the undisputed testimony shows that appellants were intentionally misinformed and deceived by respondents and by Marr and Long, realtors; that appellants were led to believe that the property had upon it adequate ''good'' water for the operation of a camp for fifty boys, when, in reality, the well which was to be the main source of water was so constructed that its location adjacent to the leach lines for sewage disposal had rendered the water therefrom useless for any purpose other than irrigation.

While there is much conflict in the testimony as to conversations, the following facts are undisputed: Respondent prepared a written memorandum with regard to the property in question for circulation among realtors. Respondent knew appellants were interested in the property for the purpose of operating a boys' camp, as shown by requirements that appellants build a swimming pool and dormitory upon the premises, in the deposit receipt and in both sets of escrow instructions. When, in April, appellants asked for accurate information about water supply, a copy of a portion of the

memorandum prepared by respondent was given to appellants by the realtors under the directions of respondent. That memorandum read in part as follows:

"There is a well adjacent to the trailer, which in normal years should supply 5,000 or more gallons of water per day. It might exceed this figure. This well is not being used, but the quality of the water is good, and a small pump and pressure tank would make this available for irrigation."

It is also undisputed that the water from the well was unfit for domestic use because of the proximity of the well to the leach lines for sewage disposal, which were entirely underground and could not have been seen by appellants.

Appellants contend that they were entitled to, and did, rely upon respondents' statement that "the water is good," but respondents urge that the words "would make this available for irrigation," together with the fact that the well was near a trailer which had toilet and bath, were sufficient to, and did, put appellants on notice that the water was unfit for domestic use. The statement that the water could be made "available for irrigation" was not the same as a statement that the water was good for irrigation *only* and could not be put to the use for which respondents knew appellants intended to use it. Appellants were therefore entitled to rescind the agreement.

However, it is also undisputed that on April 19, 1952, the well on the property was tested by appellants' employee; that on April 24, 1952, the water and sewage systems were inspected by the county health department at the request of appellants; and sometime in April appellant Griff personally inspected the springs and the well. The trial court found upon conflicting and uncertain testimony that the revised escrow instructions were signed by appellants between April 28 and May 6, 1952. There is also undisputed testimony that on May 27, 1952, appellants signed and deposited their trust deed in the escrow, and that on the same day their notice of rescission was given. The record is clear that appellants' right to rescind was waived by their acts after they had discovered the facts.

The attempted appeal from the order denying motion for new trial is dismissed. The judgment is modified to provide that plaintiffs recover from defendants Morton Griff, Esther Griff, Louis Efros and Phyllis W. Efros the sum of $2,500; that defendants Marr and Long recover from the plaintiffs the sum of $2,500; and that defendants Morton Griff, Esther

Griff, Louis Efros and Phyllis W. Efros have judgment for the sum of $2,260, being the balance remaining of the sum of $4,760 deposited with the court by defendant bank. In all other respects the judgment is affirmed, the parties to bear their respective costs on appeal.

Doran, J., and Drapeau, J., concurred.